Karen M. Klaver #F0241
Linda L. Waugh #T0046
C.N.M.I. PUBLIC SCHOOL SYSTEM
P.O. Box 1370 CK
Saipan, MP  96950

Telephone: (670) 237-3046
Fax:(670) 664-3713

Attorneys for CNMI Public School System

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **HOMAYAN KABIR,** | ) Civil Case No. 07-0034 |
| **Plaintiff**, | ) |
| vs. | ) **DEFENDANT CNMI PUBLIC SCHOOL** |
| | ) **SYSTEM'S ANSWER** |
| | ) **TO PLAINTIFF'S COMPLAINT** |
| **CNMI PUBLIC SCHOOL SYSTEM, and** | ) |
| **JONAS BARCINAS,** | ) |
| **Defendants.** | ) |

  Defendant CNMI Public School System (PSS), through Legal Counsel, ANSWERS plaintiff's Complaint as follows:

  1.  The allegations in paragraph 1 are denied.

  2.  Defendant PSS lacks sufficient information to form a belief as to truth of the allegation that plaintiff is a citizen of Bangladesh, so the allegation is denied. Defendant PSS

admits that plaintiff is residing in the CNMI. Defendant PSS denies that plaintiff was ever employed at Dan Dan Elementary School.

    3.    PSS denies that PSS was the employer of plaintiff within the meaning of Title VII of the Civil Rights Act of 1964. The remainder of the allegations in Paragraph 3 are admitted.

    4.    PSS admits that defendant Barcinas is a citizen of the United States residing in the CNMI. PSS further admits that Barcinas was the principal of Dan Dan Elementary School. The remainder of the allegations in Paragraph 4 are denied.

    5.    The allegations in Paragraph 5 are denied.

    6.    The allegations in Paragraph 6 are denied.

    7.    The allegations in Paragraph 7 are denied.

    8.    The allegations in Paragraph 8 are denied.

    9.    The allegations in Paragraph 9 are denied.

    10.    The allegations in Paragraph 10 are denied.

    11.    The allegations in Paragraph 11 are denied.

    12.    The allegations in Paragraph 12 are denied.

    13.    Paragraph 13 is an incorporating paragraph to which no answer is required. To the extent an answer is required, PSS repeats its answers as set forth in Paragraphs 1 – 12 above.

    14.    The allegations in Paragraph 14 are denied.

    15.    In response to the allegations in Paragraph 15, PSS admits that plaintiff filed a discrimination charge with EEOC, and further admits that a copy of the EEOC Notice of Dismissal is attached to the Complaint.

    16.    The allegations in Paragraph 16 are a prayer for relief to which no answer is required. To the extent an answer is required, the allegations are denied.

17. Paragraph 17 is an incorporating paragraph to which no answer is required. To the extent an answer is required, PSS repeats its answers as set forth in Paragraphs 1 – 16 above.

18. The allegations in Paragraph 18 are denied.

19. Paragraph 19 is an incorporating paragraph to which no answer is required. To the extent an answer is required, PSS repeats its answers as set forth in Paragraphs 1 – 18 above.

20. The allegations in Paragraph 20 are denied.

21. Paragraph 21 is an incorporating paragraph to which no answer is required. To the extent an answer is required, PSS repeats its answers as set forth in Paragraphs 1 – 20 above.

22. The allegations in Paragraph 22 are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff was not an employee of PSS.

3. Plaintiff did not timely notify PSS of alleged sexual harassment.

4. Any act of omission by the PSS did not directly or proximately cause Plaintiff injury, if any.

5. PSS owed Plaintiff no duty that was breached.

6. Defendant PSS is immune from liability under the doctrine of sovereign immunity.

7. Each cause of action set forth in plaintiff's complaint taken as a whole fails to state sufficient facts to constitute any cause of action against the PSS.

**8.** Pre-judgment interest is not available in this action.

## PRAYER FOR RELIEF

Wherefore, the Defendant PSS requests the following relief:

1. That plaintiff take nothing by reason of the complaint;

2. The court dismiss the complaint with prejudice.

3. The court grant PSS its cost and attorney fees.

4. For such other and further relief that the court deems just and equitable.

Dated this ____ of January 2008.


_____
Karen M. Klaver
PSS Legal Counsel