David Lochabay
Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
2nd Fl., Juan A. Sablan Admin. Bldg.
Capital Hill
Caller Box 10007 CHRB
Saipan MP, 96950
Tel: 664-2341
Fax: 664-2349
E-mail: lochabay@gmail.com

Attorneys for Jonas Barcinas

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HOMAYAN KABIR,<br><br>　　Plaintiff,<br><br>v.<br><br>CNMI PUBLIC SCHOOL SYSTEM, and<br>JONAS BARCINAS<br><br>　　Defendants. | No. CV 07 0034<br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF MOTION TO<br>DISMISS DEFENDANT BARCINAS<br>AND SUBSTITUTE CNMI AS<br>DEFENDANT AS TO PLAINTIFF'S<br>FOURTH CAUSE OF ACTION<br><br>Hearing Date: _____<br>Time: _____<br>Judge: **Munson** |

**COMES NOW** Defendant Johas Barcinas, who would now file this Memorandum of Law in support of his Motion to substitute the CNMI as the defendant as to the Fourth Cause of Action in Plaintiff's Complaint and dismiss him therefrom.

Defendant Barcinas would show the Court the following:

## I. CNMI GOVERNMENT LIABILITY ACT

The Commonwealth government has long accepted responsibility for the negligent acts of its employees within the scope of their employment. 7 CMC § 2202 provides: "The Commonwealth government shall be liable in tort for damages arising from the negligent acts of employees of the Commonwealth acting within the scope of their office or employment. . ."

Under the former Public Employees Legal Defense and Indemnification Act (PELDIA), 7 CMC § 2301 *et seq* (repealed), employees accused of tortious actions occurring within the scope of their employment were furnished legal representation at no cost to them, and were indemnified for any

damages which might be assessed against them. This system of representation and indemnity was modeled after the Federal system as it existed at the time of passage of PELDIA. Major changes to this system were made by CNMI Public Law 15-22.

## II.  CNMI PUBLIC LAW 15-22

**Sections 1 and 2, Title and Findings and Purpose.**

Public Law 15-22, a copy of which is attached as Exhibit "1," was effective on July 28, 2006.

The Act is entitled the "Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006." It was passed in response to multiple suits against government employees for actions indisputably within the scope of their employment, precipitating considerable cost to the government occasioned by the necessity of hiring private lawyers to defend the employees under PELDIA. It also takes note of the restriction of certain common law defenses no longer available to government employees after the decision of the U.S. Supreme Court in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580 (1988). (Ex. 1., P.L. 15-22, §2).

In response to *Westfall*, the U.S. Congress amended the Federal Tort Claims Act to provide for the automatic dismissal of government employees from suits against them for negligent acts within the scope of their employment upon certification by the U.S. Attorney General that the employees had been acting within the scope of their employment when the acts occurred. The government is simply substituted as a defendant in place of the employee if the government is not already in the case. (Ex. 2, the "Federal Employees' Liability Reform and Tort Compensation Act of 1988," [FELRTCA] or simply, the "Westfall" amendments. U.S. Public Law 100-694, November 18, 1988, 102 Stat. 4563). Public Law 15-22 is closely patterned after the *Westfall* amendments and it was the clear intent of the legislature to adopt a system substantially equivalent to the federal system after FELRTCA.

**Section 3.  PELDIA Repealed in its Entirety.**

The Public Employee Legal Defense and Indemnification Act. formerly codified at 7 CMC §§ 2301-07, is repealed.

**Section 5.  Amendment adding occurrence liability cap; requiring presentation of tort claims to the Attorney General 90 days prior to filing suit, and prohibiting jury trials of tort claims against the Commonwealth.**

2

This section adds a new liability cap of $200,000 per occurrence to the Government Liability Act regardless of the number of claimants. There was no occurrence liability cap under old law. The other liability caps - $50,000 for wrongful death, and $100,000 for other tort claims, are unchanged.

It also requires that tort claims not currently in litigation be submitted to the Attorney General prior to filing suit. The Attorney General has 90 days in which to investigate the claim. Failure of the Attorney General to dispose of a claim within 90 days is deemed a denial of the claim, and suit may be instituted.

Jury trials of tort claims against the Commonwealth are prohibited, unless requested, or assented to, by the Commonwealth.

**Section 8. Exclusiveness of Remedy - Autonomous Agencies.**

This section provides that a suit against the Commonwealth is the exclusive remedy available to tort claimants for negligent acts of government employees acting within the scope of their employment. Actions against government employees or their estates arising from the same facts are prohibited. There are exceptions for constitutional violations and for statutes authorizing suits against individual government employees. Autonomous government agencies are also included.

**Section 9. Representation by Attorney General.**

This section provides that the Attorney General shall defend government employees sued in their individual capacities under the exceptions contained in Section 8 (constitutional violations and authorizing statutes). The Attorney General may employ outside counsel when deemed necessary.

**Section 10. Certification by Attorney General.**

The Attorney General shall certify that a defendant employee was acting within the scope of employment at the time of the occurrence giving rise to the claim. Upon certification, the employee shall be dismissed from the suit and the Commonwealth substituted as the defendant unless the Commonwealth is already a defendant.

If the Attorney General refuses to certify, the employee may ask the court to certify. If the court so certifies, the employee shall be dismissed from the suit as above.

This section also contains procedures to follow when a claim has not been first presented to the

3

Attorney General.

**Section 11. No jury trials in certain cases.**

This section prohibits jury trials against the Commonwealth in tort claims, actions specified in 7 CMC § 2251, or in actions for annulment, divorce, adoption or eminent domain proceedings.

**Section 15. Effective Date.**

The Act is effective upon approval by the governor or becoming law without such approval. This Act became effective upon the veto override by both houses of the legislature on July 28, 2006.

## II. CERTIFICATION OF JONAS BARCINAS

Filed contemporaneously with this Motion is the Attorney General's Certification that Jonas Barcinas was acting within the scope of his employment at all times surrounding the incident giving rise to Plaintiffs' claim in his Fourth Cause of Action in this case.

## III. PROCEDURE AFTER CERTIFICATION

As P.L. 15-22 is copied from FELRTCA, the certification and dismissal procedure developed by the federal courts is relevant. The original Government Liability Act, dating to Trust Territory days ( 6 TTC § 252), was patterned after the Federal Tort Claims Act, and Commonwealth courts have always considered Federal tort claims precedents as highly persuasive. *Maruyama v. MIHA*, 1 C.R. 997, 1001 (D.N.M.I.1984) ("The legislative history of this section demonstrates an intent to follow the Federal Tort Claims Act.").

The United States Supreme Court has held that the Attorney General's certification under FELRTCA is subject to judicial review. *Gutierrez de Martinez v. Dirk A. Lamagno*, 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375.

If there is no challenge to the Attorney General's certification, then the individual defendant is dismissed and the government is substituted as the party defendant. If the certification is challenged, the federal courts have developed procedures for deciding the challenge.

The Attorney General's certification is subject to *de novo* review in the trial court. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *Meridian Int'l Logistics, Inc., v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). The trial court should apply respondeat superior principles of state law when reviewing the

certification. *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996). The party seeking review of the certification bears the burden of proof and must present evidence sufficient to disprove the certification by a preponderance of the evidence. *Green*, 8 F.3d at 698. The Attorney General's certification is prima facie evidence that the employee was acting within the scope of his employment. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). The trial court is authorized, but not required, to hold a hearing to resolve disputed factual issues. *Pellitier v. Federal Home Loan Bank*, 968 F.2d 865, 874 (9th Cir. 1992) (citing *Meridian*, 939 F. 2d at 745). *See also McLachlan*, 261 F.3d at 910-11. A hearing should not be held where the certification, pleadings, affidavits, and any supporting documentary evidence do not reveal any disputed issues of material fact as to scope of employment. *Gutierrez de Martinez v. Drug Enforcement Administration*, 111 F.3d 1148, 1155 (4th Cir. 1997) (*Sub nom Gutierrez de Martinez, v. Dirk A. Lamagno*, supra, in the Supreme Court).

The court should be mindful that the immunity provided is immunity from suit itself, not a mere defense to liability. *Id.*, at 1154 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 [1985]) The Westfall Act (FELRCTA) gave federal employees an absolute immunity from common law tort actions. *Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir. 1994). In *Shrob v. Catterson*, 967 F.2d 929, 935 (3rd Cir. 1992), the court recognized Congress' intent to " 'protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ.' " (quoting *Brown v. Armstrong*, 949 F.2d 1007, 1011 (8th Cir. 1991).

As Commonwealth employees sued for negligent acts within the scope of their employment are not proper parties to a suit, courts should decide the certification and scope of employment issues, if any, prior to any other action in the suit. This is especially true of Commonwealth employees now as P.L. 15-22 repealed the former PELDIA, and these employees will no longer have access to legal services at no cost to them. Challenges to the Attorney General's certification should be resolved "as soon after the motion for substitution as practicable. . ." *Brown*, 949 F.2d at 1012. Courts may allow "discovery . . (limited to scope of employment issues). . . or conduct an evidentiary hearing, but should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal

an issue of material fact. . . Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing." *Gutierrez de Martinez v. D.E.A.*, at 1155.

Judge Wiseman is the only CNMI Superior Court judge to address the procedure to be adopted by Commonwealth courts in this regard. He has issued an Order adopting the Federal procedure for reviewing the Attorney General's certification. *See* Ex. 3, attached.

## V. CONCLUSION

The pleadings and Attorney General's certification conclusively establish that Defendant Jonas Barcinas was acting within the course and scope of his employment when the actions complained of in the Fourth Cause of Action in Plaintiffs' Complaint occurred.

The CNMI should be substituted as the defendant in Plaintiff's Fourth Cause of Action pursuant to the provisions of CNMI P.L. 15-22.

Respectfully submitted,

    /s/ David Lochabay
David Lochabay, Bar No. F0305
Asst. Attorney General
Office of the Attorney General
Attorneys for Defendant Barcinas & CNMI

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been e-filed this 31st day of January, 2008, with service requested to Joseph E. Horey, of O'Connor Berman Dotts and Banes, attorneys for Plaintiff.

    /s/ David Lochabay
David Lochabay

6