Westlaw

PL 100-694, 1988 HR 4612                                                                                              Page 2
PL 100-694, November 18, 1988, 102 Stat 4563
**(Publication page references are not available for this document.)**


UNITED STATES PUBLIC LAWS
100th Congress - Second Session
Convening January 25, 1988

Copr. © West Group 1998.  No Claim to Orig. U.S. Govt. Work

**DATA SUPPLIED BY THE U.S. DEPARTMENT OF JUSTICE. (SEE SCOPE)**
Additions and Deletions are not identified in this document.

PL 100-694 (HR 4612)
November 18, 1988

An Act to amend title 28, United States Code, to provide for an exclusive remedy against the United States for suits based upon certain negligent or wrongful acts or omissions of United States employees committed within the scope of their employment, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1. SHORT TITLE.

This Act may be cited as the "**Federal Employees Liability Reform** and **Tort Compensation Act** "28 USC 1 note" of 1988".

SEC. 2. "28 USC 2671 note" FINDINGS AND PURPOSES.

(a) FINDINGS. -- The Congress finds and declares the following:

(1) For more than 40 years the Federal Tort Claims Act has been the legal mechanism for compensating persons injured by negligent or wrongful acts of Federal employees committed within the scope of their employment.

(2) The United States, through the Federal Tort Claims Act, is responsible to injured persons for the common law torts of its employees in the same manner in which the common law historically has recognized the responsibility of an employer for torts committed by its employees within the scope of their employment.

(3) Because Federal employees for many years have been protected from personal common law tort liability by a broad based immunity, the Federal Tort Claims Act has served as the sole means for compensating persons injured by the tortious conduct of Federal employees.

(4) Recent judicial decisions, and particularly the decision of the United States Supreme Court in Westfall v. Erwin, have seriously eroded the common law tort

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

DEFENDANT
EXHIBIT
2

Case 1:07-cv-00034   Document 13-3   Filed 01/30/2008   Page 2 of 7

PL 100-694, 1988 HR 4612                                                    Page 3
PL 100-694, November 18, 1988, 102 Stat 4563
**(Publication page references are not available for this document.)**

immunity previously available to Federal employees.

(5) This erosion of immunity of Federal employees from common law tort liability has created an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire Federal workforce.

(6) The prospect of such liability will seriously undermine the morale and well being of Federal employees, impede the ability of agencies to carry out their missions, and diminish the vitality of the Federal Tort Claims Act as the proper remedy for Federal employee torts.

(7) In its opinion in Westfall v. Erwin, the Supreme Court indicated that the Congress is in the best position to determine the extent to which Federal employees should be personally liable for common law torts, and that legislative consideration of this matter would be useful.

(b) PURPOSE. -- It is the purpose of this Act to protect Federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States.

SEC. 3. JUDICIAL AND LEGISLATIVE BRANCH EMPLOYEES.

Section 2671 of title 28, United States Code, is amended in the first full paragraph by inserting after "executive departments," the following: "the judicial and legislative branches,".

SEC. 4. RETENTION OF DEFENSES.

Section 2674 of title 28, United States Code, is amended by adding at the end of the section the following new paragraph:

"With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.".

SEC. 5. EXCLUSIVENESS OF REMEDY.

Section 2679(b) of title 28, United States Code, is amended to read as follows:

"(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

"(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government --

"(A) which is brought for a violation of the Constitution of the United States, or

"(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.".

SEC. 6. REPRESENTATION AND REMOVAL.

Section 2679(d) of title 28, United States Code, is amended to read as follows:

"(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

"(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

"(3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petitioni the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

"(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**(Publication page references are not available for this document.)**

limitations and exceptions applicable to those actions.

"(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if --

"(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

"(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.".

SEC. 7. "28 USC 2671 note" SEVERABILITY.

If any provision of this Act or the amendments made by this Act or the application of the provision to any person or circumstance is held invalid, the remainder of this Act and such amendments and the application of the provision to any other person or circumstance shall not be affected by that invalidation.

SEC. 8. "28 USC 2679 note" EFFECTIVE DATE.

(a) GENERAL RULE. -- This Act and the amendments made by this Act shall take effect on the date of the enactment of this Act.

(b) APPLICABILITY TO PROCEEDINGS. -- The amendments made by this Act shall apply to all claims, civil actions, and proceedings pending on, or filed on or after, the date of the enactment of this Act.

(c) PENDING STATE PROCEEDINGS. -- With respect to any civil action or proceeding pending in a State court to which the amendments made by this Act apply, and as to which the period for removal under section 2679(d) of title 28, United States Code (as amended by section 6 of this Act), has expired, the Attorney General shall have 60 days after the date of the enactment of this Act during which to seek removal under such section 2679(d).

(d) CLAIMS ACCRUING BEFORE ENACTMENT. -- With respect to any civil action or proceeding to which the amendments made by this Act apply in which the claim accrued before the date of the enactment of this Act, the period during which the claim shall be deemed to be timely presented under section 2679(d)(5) of title 28, United States Code (as amended by section 6 of this Act) shall be that period within which the claim could have been timely filed under applicable State law, but in no event shall such period exceed two years from the date of the enactment of this Act.

SEC. 9. "16 USC 831c-2" TENNESSEE VALLEY AUTHORITY.

(a) EXCLUSIVENESS OF REMEDY. -- (1) An action against the Tennessee Valley Authority for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Tennessee Valley Authority while acting within the scope of this office or employment is exclusive of any other civil action or proceeding by reason of the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

PL 100-694, 1988 HR 4612                                                              Page 6
PL 100-694, November 18, 1988, 102 Stat 4563
(Publication page references are not available for this document.)

same subject matter against the employee or his estate whose act or omission gave rise to the claim. Any other civil action or proceeding arising out of or relating to the same subject matter against the employee or his estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a cognizable action against an employee of the Tennessee Valley Authority for money damages for a violation of the Constitution of the United States.

(b) REPRESENTATION AND REMOVAL. -- (1) Upon certification by the Tennessee Valley Authority that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding heretofore or hereafter commenced upon such a claim in a United States district court shall be deemed an action against the Tennessee Valley Authority pursuant to 16 U.S.C. 831C(b) and the Tennessee Valley Authority shall be substituted as the party defendant.

(2) Upon certification by the Tennessee Valley Authority that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Tennessee Valley Authority to the district court of the United States for the district and division embracing the placeace wherein it is pending. Such action shall be deemed an action brought against the Tennessee Valley Authority under the provisions of this title and all references thereto, and the Tennessee Valley Authority shall be substituted as the party defendant. This certification of the Tennessee Valley Authority shall conclusively establish scope of office or employment for purposes of remova

(3) In the event that the Tennessee Valley Authority has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action shall be deemed an action brought against the Tennessee Valley Authority, and the Tennessee Valley Authority shall be substituted as the party defendant. A copy of the petition shall be served upon the Tennessee Valley Authority in accordance with the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Tennessee Valley Authority to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

(4) Upon certification, any actions subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the Tennessee Valley Authority and shall be subject to the limitations and exceptionis applicable to those actions.

(c) RETENTION OF DEFENSES. -- Section 2674 of title 28, United States Code, is amended by adding at the end thereof the following new paragraph:

"With respect to any claim to which this section applies, the Tennessee Valley Authority shall be entitled to assert any defense which otherwise would have been

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

PL 100-694, 1988 HR 4612                                                                                          Page 7
 PL 100-694, November 18, 1988, 102 Stat 4563
 **(Publication page references are not available for this document.)**

available to the employee based upon judicial or legislative immunity, which otherwise would have been available to the employee of the Tennessee Valley Authority whose act or omission gave rise to the claim as well as any other defenses to which the Tennessee Valley Authority is entitled under this chapter.".

Approved November 18, 1988.

                    LEGISLATIVE HISTORY -- H.R. 4612 (S. 2500):
  HOUSE REPORTS: No. 100-700 (Comm. on the Judiciary).

 CONGRESSIONAL RECORD, Vol. 134 (1988): June 27, 28, considered and passed House. Oct. 12, considered and passed Senate, amended. Oct. 20, House concurred in Senate amendment.

PL 100-694, 1988 HR 4612

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**Westlaw Delivery Summary Report for LOCHABAY,DAVID W 4856391**

| | |
|---|---|
| Your Search: | "WESTFALL ACT" "FEDERAL EMPLOYEES LIABILITY REFORM AND TORT COMPENSATION ACT" F.E.L.R.T.C.A. |
| Date/Time of Request: | Friday, January 25, 2008 16:59 Central |
| Client Identifier: | WESTFALL |
| Database: | US-PL-OLD |
| Citation Text: | PL 100-694, 1988 HR 4612 |
| Lines: | 260 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.