**O'CONNOR BERMAN DOTTS & BANES**
Second Floor, Nauru Building
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-mail: attorneys@saipan.com

Attorneys for Plaintiff

**IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| HOMAYAN KABIR, | Civ. No. 07-0034 |
| Plaintiff, | RESPONSE TO BARCINAS' MOTIONS TO DISMISS AND SUBSTITUTE |
| vs. | |
| JONAS BARCINAS, et al., | Date: April 10, 2008 |
| Defendants. | Time: 8:30 am |

Defendant Jonas Barcinas has moved to dismiss the first Cause of Action in the Complaint (a Title VII claim), insofar as it is asserted against him, on the ground that "[t]he Ninth Circuit does not recognize a separate cause of action against supervisors or co-workers under Title VII." Motion to Dismiss at 2. He has also moved to dismiss the Fourth Cause of Action (a common law assault and battery claim), which is asserted only against him, and to substitute the CNMI as defendant in his place, based upon the Attorney General's certification, pursuant to CNMI Public Law 15-22, that Barcinas "was acting within the scope of his employment as principal of Dandan Elementary School at the time of the alleged incident giving rise to the claims of plaintiff in this action." Certification of Scope of Employment (filed with Barcinas' Motions).

Plaintiff Homayan Kabir now responds to these motions as follows:

1. Plaintiff does not oppose the motion to dismiss the First Cause of Action as against Barcinas. Title VII provides that the term "employer" includes "agents" of the employer, 42 U.S.C.

1  2000e(b), and Barcinas was included in the Title VII claim on that basis.  However, the question of
2  whether this definition allowed for an action against an individual supervisor became the subject of
3  many conflicting decisions in the circuit and district courts, and Barcinas is correct that the Ninth
4  Circuit has taken the position that it does not.  See generally <u>Miller v. Maxwell's International, Inc.</u>,
5  991 F.2d 583, 587 (1993).  Recognizing that this Court is bound by the position of the Ninth Circuit,
6  Plaintiff does not oppose Barcinas' motion on this point, but does not thereby waive his right to
7  argue a contrary view in the Ninth Circuit itself, in the event this matter should ever proceed there.

9       2. Plaintiff does, however, oppose the motion to dismiss the assault and battery claim against
10  Barcinas, and substitute the Commonwealth in his stead.  The Attorney General, in accordance with
11  the procedure of Public Law 15-22, has certified that Barcinas "was acting with the scope of his
12  employment."  See Certification of Scope of Employment.  However, as Barcinas himself notes, this
13  certification is reviewable *de novo* by this Court, and the Court "should apply respondeat superior
14  principles of state law when reviewing the certification."  Motion to Dismiss and Substitute at 4-5
15  (citing cases).  The respondeat superior principles of the CNMI are set forth in the Restatement,
16  which provides:

> An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

<u>Restatement (Third) of Agency</u> § 7.07(2).

> An independent course of conduct represents a departure from, not an escalation of, conduct involved in performing assigned work or other conduct tat an employer permits or controls.  When an employee commits a tort with the sole intention of furthering the employee's own purpose, and not any purpose of the employer, it is neither fair nor true-to-life to characterize the employee' action as that of a representative of the employer.

<u>Id</u>. at comment b.  The tort alleged in the Fourth Cause of Action is the grabbing and kissing of Kabir, a school security guard, by Barcinas, the school principal.  See Complaint at ¶¶ 6, 22.  See also Declaration of Homayan Kabir and Declaration of Cynthia Attao, filed herewith.  Conduct of this type is not intended to serve any purpose of Barcinas' employer, the Public School System.  On

the contrary, it is intended solely to further Barcinas' own purpose of sexual gratification. Barcinas' conduct, in other words, was a textbook case of what has traditionally been called "a frolic of his own." See, e.g., Frazier v. Badger, 603 S.E.2d 587, 591 (S.C. 2004) ("[S]exual harassment by a government employee is not within the employee's 'scope of employment.'"). See generally Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 757 (1998) ("The general rule is that sexual harassment by a supervisor in not conduct within the scope of employment."). While the Attorney General's certification creates a *prima facie* case that Barcinas was acting within the scope of his employment, that presumption is rebutted by the Declarations of Homayan Kabir and Cynthia Attao, which is evidence that he was doing no such thing.

The motion to dismiss the Fourth Cause of Action as against Barcinas, and substitute the CNMI as a defendant in his place, should therefore be denied. In the alternative, if the motion is not denied outright, an evidentiary hearing should be set for resolution of the question, after appropriate discovery.

Respectfully submitted this 14th day of March, 2008.

O'CONNOR BERMAN DOTTS & BANES<br>
Attorneys for Plaintiff<br><br>
By:_____/s/_____<br>
Joseph E. Horey

*3345-01-080312-PL-M to dismiss-OPP.wpd*