David Lochabay
Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
2nd Fl., Juan A. Sablan Admin. Bldg.
Capital Hill
Caller Box 10007 CHRB
Saipan MP, 96950
Tel: 664-2341
Fax: 664-2349
E-mail: lochabay@gmail.com

Attorneys for Jonas Barcinas

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HOMAYAN KABIR,<br><br>    Plaintiff,<br><br>v.<br><br>CNMI PUBLIC SCHOOL SYSTEM, and<br>JONAS BARCINAS<br><br>    Defendants. | No. CV 07- 0034<br><br>REPLY TO RESPONSE TO<br>BARCINAS'S MOTIONS TO<br>DISMISS AND SUBSTITUTE<br><br>Hearing Date: April 24, 2008<br>Time: 8:30 a.m.<br>Judge: Munson |

**COMES NOW** Defendant Jonas Barcinas, who would now file this Reply to Plaintiff's Response to Barcinas's Motions to Dismiss and to Substitute.

### I. MOTION TO DISMISS

Plaintiff concedes that the Motion to dismiss Barcinas from the First Cause of Action should be granted. (Pl. Response, pp. 1-2).

### II. MOTION TO SUBSTITUTE

Plaintiff opposes the Motion to Dismiss Defendant Barcinas as to the Fourth Cause of Action and substitute the CNMI as the defendant in his stead.

Plaintiff argues that the Certification of Scope of Employment filed by the Attorney General in this cause, in which the Attorney General certified that Defendant Barcinas was acting within the scope of his employment when the actions complained of by Plaintiff (sexual harassment - grabbing and kissing)(hereinafter "the incident") allegedly occurred, is subject to challenge, as these actions constitute the intentional tort of assault and battery and Barcinas could not have been acting within the scope of

his employment at the time because such actions would not serve any purpose of his employer, the CNMI Public School System.

An Attorney General issuing a Certification under CNMI P.L. 15-22 or the Federal Westfall Act does not have to accept the version of facts set forth by a plaintiff in a Complaint. If the Attorney General's investigation concludes that the complained of conduct simply did not occur, the Attorney General may certify that the employee was acting within the scope of his employment for purposes of P.L. 15-22 or the Westfall Act. *Osborn v. Haley*, 127 S.Ct. 881, 897-98, 166 L.Ed.2d 819 (2007) ("We agree that Westfall Act certification is proper when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred. . . so a complaint's charge of conduct outside the scope of employment, when contested, warrants immediate judicial investigation. Were it otherwise, a federal employee would be stripped of suit immunity not by what the court finds, but by what the complaint alleges. . . In sum, given the purpose of the Westfall Act to shield covered employees not only from liability but from suit, it is altogether appropriate to afford protection to a "negligent. . . employee . . . as a matter of course. . ." (cite omitted) . . . But it would make scant sense to read the Act as leaving an employee charged with an intentional tort to fend for himself when he denies wrongdoing and asserts he "engaged only in proper behavior occurring wholly within the scope of his office or employment. . . (cite omitted) . . It is illogical to assume that Congress intended to protect guilty employees but desert innocent ones.").

In the case at bar, the Attorney General has investigated plaintiff's claim and determined that the complained of conduct did not occur. (Ex. 1, Declaration of Matthew T. Gregory).

Also attached to this Reply are the declarations of Jonas Barcinas (Ex. 2), Elphidia Sablan (Ex. 3), and David M. Borja (Ex. 4).

### III. STATUTE OF LIMITATIONS

Some of Plaintiff's allegations concern conduct alleged to have occurred before November 9, 2005. Such allegations are barred on their face by the statute of limitations (the Complaint was filed November 9, 2007). 7 CMC § 2503. Any consideration of these time-barred allegations is strictly for purposes of determining scope of employment in this proceeding and Barcinas does not waive his right

to assert the statute of limitations as a defense by answer or another motion.

## IV. CONCLUSION

The Attorney General may, and has, certified that the conduct complained of did not occur.

The attached declarations show that the only relationship of Barcinas and Kabir was work related.

The Motion to Substitute the CNMI as a defendant and dismiss Barcinas should be granted.

Respectfully submitted,


    /s/  David Lochabay
David Lochabay
Asst. Attorney General
Office of the Attorney General
Attorney for Jonas Barcinas

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been e-filed this 10th day of April, 2008, with service requested to O'Connor Berman Dotts & Banes, attorneys for Plaintiff.

    /s/  David Lochabay

.