FILED
Clerk
District Court

MAY - 2 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HOMAYAN KABIR, | Civil Action No. 07-0034 |
| Plaintiff | ORDER GRANTING DEFENDANTS' MOTION |
| v. | TO DISMISS DEFENDANT BARCINAS FROM THE FIRST |
| JONAS BARCINAS, et al., | CLAIM FOR RELIEF and DENYING MOTION TO DISMISS HIM FROM FOURTH |
| Defendants | CLAIM FOR RELIEF |

THIS MATTER came before the court on Thursday, May 1, 2008, for hearing of defendants' motions to dismiss defendant Barcinas from the first and fourth claims for relief and to substitute in his place as defendant the Commonwealth in plaintiff's fourth claim for relief. Plaintiff appeared by and through his attorney, Joseph E. Horey; defendant Commonwealth Public School System appeared by and through its attorney, Karen Klaver; defendant Jonas Barcinas appeared by and through his attorney, Commonwealth Assistant Attorney General David Lochabay.

THE COURT, having considered the written and oral arguments of the parties, grants the motion to dismiss defendant Barcinas from the first claim for relief and denies defendants' motion to dismiss him from the fourth claim for relief and to substitute in his place as defendant the Commonwealth of the Northern Mariana Islands.

Plaintiff concedes that Title VII, 42 U.S.C. § 2000e *et seq.*, does not provide a separate claim for relief against supervisors and co-workers. *See Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (affirming the dismissal of a Title VII cause of action against plaintiff's supervisor and alleged sexual harasser). Accordingly, defendant Barcinas' motion to be dismissed from the first claim for relief is granted, with prejudice.

Defendants argue that Barcinas should be dismissed from the fourth claim for relief for assault and battery and that the Commonwealth should be substituted as defendant in his place. Defendants' recitation of the recent changes in Commonwealth law is accurate in all respects but one: the changes apply only to *negligence* claims against the Commonwealth and not, as here, a claim based upon the *intentional* tort of assault and battery. None of the recently-enacted changes to Commonwealth law changed 7 N.Mar.I. Code § 2204, the statue from which plaintiff's claim derives. Thus, the Attorney General's purported certification that defendant Barcinas was acting within the scope of his employment is simply

irrelevant for allegations of intentional torts. Accordingly, defendants' motion to dismiss defendant Barcinas from the fourth claim for relief is denied and the Commonwealth will not be substituted in as defendant in his place.

IT IS SO ORDERED.

DATED this 2nd day of May, 2008.

　　　　　　　　　　　　　　　　　　　/s/ Alex R. Munson
　　　　　　　　　　　　　　　　　　　ALEX R. MUNSON
　　　　　　　　　　　　　　　　　　　Judge